UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
                                          :        93-cr-00180 (KTD)
            -against-                      :
                                          :        MEMORANDUM & ORDER
RAMZI YOUSEF,                             :
                                          :
            Respondent.                   :
                                          :
------------------------------------------X

KEVIN THOMAS DUFFY, U.S.D.J.:

     Petitioner Ramzi Yousef ("Petitioner") brings this petition

for habeas corpus pursuant to 28 U.S.C. § 2255, claiming that

the Special Administrative Measures ("SAMs") applied to him

during his incarceration violate his constitutional rights.

     For the reasons set forth below, the petition is DENIED for

lack of jurisdiction.


I.    BACKGROUND

     Petitioner is currently incarcerated at the Federal Bureau

of Prisons U.S.P. Administrative Maximum in Florence, Colorado,

for charges related to the 1993 World Trade Center bombing and

Bojinka airliner bombing plot.  He is subject to SAMs, by which

the Attorney General sets forth detailed conditions of

confinement, pursuant to 28 C.F.R. § 501.3(a).  SAMs are

implemented when "there is a substantial risk that a prisoner's

communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons." 28 C.F.R § 501.3(a).[1]  As of October 2001, Petitioner's SAMs are authorized for one year periods and have been renewed annually since being issued by the Justice Department in 1997.

By these measures, Petitioner is not allowed meetings with physical contact, cannot share a cell with other inmates, and is limited from communicating with other inmates.  The SAMs limit the volume, frequency and permitted recipients of Petitioner's communications (oral, written or recorded) with all persons including his attorney(s); permit examination, delay, and analysis of said communications; and limit his access to publications.  Petitioner previously challenged the SAMs with the Federal Bureau of Prisons, requesting both notice of the reasons for their continued application and for the SAMs to be lifted.  These requests have been denied.  On June 17, 2011, Petitioner filed the instant habeas petition.

---

[1] During his original trial in 1996 it was found that Petitioner was collecting urea in his cell.  Urea was a main ingredient in the WTC bomb.  Petitioner also attempted to obtain the particular type of cheap wristwatch that had been used as the timing device in the Bojinka plot.

II.  DISCUSSION

Since Petitioner's § 2255 motion is "challenging the conditions of [his] confinement," it is properly brought as a habeas claim pursuant to 28 U.S.C. § 2241. Jabarah v. Garcia, No. 08 Civ. 3592(DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) (citing Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008)).  The Supreme Court held in Rumsfeld v. Padilla, 542 U.S. 426 (2004), that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement," and that the proper respondent "is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435, 443; Drakoulis v. Ashcroft, 356 F. Supp. 2d 367, 370 (S.D.N.Y. 2005).  Therefore, the proper venue for Petitioner's claims is the district where he is in custody. Jabarah, 2010 WL 3834663, at *3; see also Santulli v. United States, No. 02 Civ. 8664(SAS), 2003 WL 21488084, at *2 (S.D.N.Y. June 25, 2003).

Accordingly, this Court "may decline to entertain an application for a writ of habeas corpus and may transfer the application . . . to the district court having jurisdiction to entertain it." 28 U.S.C. §§ 1631.  Because this Court lacks jurisdiction, it does not reach the merits of Petitioner's claims. See Rumsfeld, 542 U.S. at 430.

3

III. CONCLUSION

For the reasons set forth above, this action is transferred to the United States District Court for the District of Colorado. SO ORDERED.

Dated:   New York, NY
         July 2 2, 2011

_____
KEVIN THOMAS DUFFY, U.S.D.J.

4