UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================== :

UNITED STATES OF AMERICA,                    :

                                             :

                                             :

                                             :

          — *versus* —                       :        93-cr-00180 (KTD)

                                             :

                                             :

                                             :        **Notice of Motion**

RAMZI YOUSEF,                                :

          **Defendant.**                     :

========================== :

PLEASE TAKE NOTICE that the above named defendant, RAMZI YOUSEF,

by and through his attorney of record Bernard V. Kleinman, Esq., will move this

Court before the Hon Kevin Duffy, United States District Judge, Southern District

of New York, in the United States Courthouse at 500 Pearl Street, New York, NY

10007, at a time that is convenient to the Court for an order:

1. Re-considering the court's Decision and Order of 22 July 2011, pursuant to

   F.R.Civ.P. 60(b)(1); and

2. for such further relief as this Court shall deem just and proper.

Dated: White Plains, NY
        September 2, 2011

                    Yours, *etc.*,

                    BERNARD V. KLEINMAN, ESQ.
                    Attorney for Defendant Yousef
                    LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
                    2 Gannett Drive
                    Suite 418
                    White Plains, NY 10604

To:    Hon. Kevin Duffy
       United States District Judge
       Southern District of New York

       David Raskin, Esq.
       Assistant U.S. Attorney, S.D.N.Y.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

================================ :

**UNITED STATES OF AMERICA,**          :

                                       :

                                       :

                                       :

                                       :

          *— versus —*                 :          **93-cr-00180 (KTD)**

                                       :

                                       :          **Declaration & Memor-**
                                       :          **andum of Law in**
**RAMZI YOUSEF,**                      :          **Support of Motion**
          **Defendant.**               :

================================ :

STATE OF NEW YORK}
COUNTY OF WESTCHESTER}
SOUTHERN DISTRICT OF NEW YORK}          *s.s.*:

Bernard V. Kleinman, Esq., pursuant to Title 28 United States Code Section 1746, hereby declares, under penalty of perjury, that he is the attorney of record for the named defendant, Ramzi Yousef, and, in that capacity, he makes this declaration in support of the relief sought in the annexed Notice of Motion. The statements asserted as facts herein are based upon your Affirmant's examination of the indictment, and complaint, and all such other material provided by the Government, upon his conversations with the defendant, and upon his review of the record and discovery provided to date, and all proceedings previously had hereto. All matters

about which Affirmant lacks personal knowledge are asserted herein as being upon information and belief.

1. The Petitioner was indicted in (S12) 93-cr-180, in the Southern District of New York, charging him with the 1993 bombing of the World Trade Center, and the "Bojinka" Plot to destroy a number of U.S. flag aircraft while in flight.

2. In 1996 the Petitioner was tried, in two separate trials, on these cases and convicted of all charges.

3. The convictions were affirmed by the Second Circuit in 2003. See *United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003), *cert. denied* 540 U.S. 993 (2003).

4. Since the date of the Petitioner's conviction he has been incarcerated at U.S.P. Administrative Maximum, in Florence, CO. This is the Federal Bureau of Prisons' "supermax" facility.

5. Since in or around 1996 the Petitioner has been subject to Special Administrative Measures, issued pursuant to 28 C.F.R. § 501.3. These "SAMs" have been re-upped annually since Petitioner's incarceration; the most recent re-newal taking place in or around November 2010. The SAMs have a one year limitation before they must be re-newed by the Attorney General, or his designee.

6. In or around April 8th, 2010, this Court appointed counsel herein, pursuant to the Criminal Justice Act. See order of this Court dated April 08, 2010, Docket Entry No. 827, annexed hereto as **Exhibit A**.

7. On or about September 8th, 2010, the Court was informed that the CJA assignment referenced above was for the likely purpose of challenging the Special Administrative Measures. See Docket Entry No. 829, under seal.

8. On or about January 10th, 2011, Counsel requested form the Court, in anticipation of the lengthy nature of the habeas case challenging the SAMs (a) permission to file interim vouchers, and (b) permission to retain the services of a para-legal. Both of these requests were granted by the Court. See prior order of the Court, Docket Entry No. 830.

9. On or about June 17th, 2011, Petitioner did, by and through counsel herein, file his habeas corpus Petition, accompanying Memorandum of Law, and Exhibits, with this Court, and did serve a copy upon the Office of the U.S. Attorney for the Southern District of New York. See 93-cr-180, District Court Docket Entry No. 841.

10. Notwithstanding that the Government never responded to Yousef's Petition for relief, this Court, on or about July 22d, 2011, issued a four page Decision and Order, dismissing Yousef's Petition, and transferring the matter to the U.S. District Court for the District of Colorado. *United States*

[3]

*v. Yousef*, 2011 WL 3422834 (S.D.N.Y. 2011), annexed hereto as **Exhibit B**. The Court here relying upon the decision in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), holding that habeas petitions challenging conditions of confinement must be filed in the district in which the inmate is incarcerated. *Id.* at 435, 436, cited to at 2011 WL 3422834 at *1. The Court further cited to *Jabarah v. Garcia*, 2010 WL 3834663 (S.D.N.Y. 2010).

11. Both of these cases are inapposite and provide no precedent for the specific claims and cause[s] of action raised by Petitioner Yousef. In *Jabarah, supra*, the inmate, incarcerated at the same facility as Yousef, filed a *pro se* civil rights petition challenging the SAMs as administered to him. More specifically, his claims were directed at the effect of the SAMs as imposed him, and how they allegedly impeded and infringed upon his constitutional rights. His complaint went through a laundry list of violations of the Constitution that the SAMs effected, including the First, Fourth, Fifth, Sixth and Eighth Amendments.* Sitting by designation, Judge Chin ruled

---

* The court summarized Jabarah's enumerated claims as follows,

> The first amended complaint alleges that the application of SAMs, and in particular the delay and/or seizure of his mail, violates Jabarah's constitutional rights. (*Id.* 30-45). First, he claims that the SAMs violate his First Amendment rights because the restrictions deprive him of freedom of speech, the right to petition the government for redress of grievances, freedom of expression, freedom of association, and the right to receive information consistent with his status as a prisoner. (*Id.* 31). Second, he claims that the SAMs violate his Fourth Amendment rights because the restrictions deprive him of the right to be free from unreasonable searches

[4]

that (1) the proper vehicle for an inmate to challenge his conditions of confinement is a *habeas corpus* petition, (2) the proper venue to bring such a suit is in the district of confinement, and (3) the proper respondent is the inmate's immediate custodian, *i.e.*, the warden of the particular facility. *Id.* at *4. Judge Chin, thus found that the suit must be brought in the District of Colorado, and that the appropriate respondent would be the warden of USP Administrative Maximum. The suit was therefore dismissed, without prejudice, as to all of the named defendants, with the Petitioner having the right to commence the action in the District of Colorado. *Id.* at *5.[†]

12. In *Padilla, supra,* the petitioner was seized by law enforcement authorities as he deplaned in Chicago from a flight originating in Pakistan. After being transported to New York, and held at the Metropolitan

---

and seizures. (*Id.* 35). Third, he claims that the SAMs violate his Fifth Amendment rights because the SAMs deprive him of due process and equal protection of the law as compared to fellow prisoners not under the SAMs. (*Id.* ¶ 38). Fourth, he claims that the SAMs violate his Sixth Amendment rights because the SAMs deprive him of his right to counsel. (*Id.* ¶ 41). Finally, he claims that defendants exhibited deliberate indifference to the impact of the SAMs on his health, and that the enforcement of SAMs violates his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* ¶ 44). He argues that the SAMs are "atypical, very unreasonable, and a significant hardship." (*Id.* 23).
2010 WL at 3834663 *2.

[†] Judge Chin did allow the suit to proceed on the issue of personal liability and money damages as to the named Defendants in the Southern District of New York. *Ibid.*

[5]

Correctional Center, a determination was made that he was "an enemy combatant". As a result thereof Padilla was turned over to Department of Defense personnel and then transferred to the U.S. Navy Brig in Charleston, SC. His CJA appointed counsel then commenced a *habeas* suit, in the Southern District of New York, alleging that he was being held in violation of the First, Fifth, and Sixth Amendment, and the Suspension Clause of the Constitution. Art. I, sec. 9, cl. 2. Named as respondents were the President, the Secretary of Defense, and the actual commander of the brig in South Carolina. Without reaching the merits of Padilla's claims, the Supreme Court ruled that the language of the federal habeas statute makes clear that the properly named respondent in a habeas petition is the party who has custody and control over the petitioner. 542 U.S. at 434-35. The Court, in a five to four opinion, stated that, in accord with the both the statute and established precedent, any challenge to the conditions of confinement must name, as respondent the person who, for all practical purposes holds the keys to the inmate's cell, *i.e.*, the warden or other official in direct charge of the place of confinement, *viz.*

> longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

*Id.* at 435. Emphasis added.

[6]

13. The high Court summed up its ruling by stating that, in the end, Padilla's challenge was a simple one challenging the validity of his being held in custody against his will. Nothing else. *Id.* at 441.[‡] Under such circumstances, the appropriate respondent is, as noted above, the Commandant of the Navy Brig in Charleston, SC.[§]

14. In the case at bar, the important distinction is that Yousef does not challenge the issue of custody, in the sense of seeking his release therefrom. Rather, he challenges the underlying basis his being held under a certain set of conditions (mind you, not the actual conditions themselves). See discussion *infra.* The point is that this is what can properly be termed "a non-core *habeas* case". That is, one on which the federal habeas statute is being applied to other than the issue of challenging the actual physical

---

[‡] The Supreme Court, in *Padilla,* noted the exception to the physical custody rule, *i.e.,* a core *habeas* petition, that had previously been elucidated in *Braden v. 30th Judicial Circuit Ct. of Ky.,* 410 U.S. 484 (1973). In *Braden,* the peitioner brought *habeas* suit against the state court that had issued a detainer against him, *in futuro.* The Supreme Court upheld his choice of respondent (the issuing court and not his actual physical custodian) reasoning that Braden was not actually challenging his present physcial confinement but, rather, a prospectivce confinement (by way of detainer) issued by the respondent state court. 410 U.S. at 495. See *Padilla,* 542 U.S. at 438-39.
In accord see *Kholyavskiy v. Achim,* 443 F.3d 946, — n. 6 (7th Cir. 2006).

[§] In the majority's own language,
> While Padilla's detention is undeniably unique in many respects, it is at bottom a simple challenge to physical custody imposed by the Executive- the traditional core of the Great Writ.

[7]

custody of the petitioner. *See, e.g., Farez-Espinoza v. Chertoff*, 600 F. Supp.2d 488, 493-94 (S.D.N.Y. 2009) (*Padilla* not controlling in immigration cases); *Abner v. Secretary of Dep't of Homeland Security*, 2006 WL 1699607 (D. Conn. 2006) (*Padilla* not controlling, regarding naming of actual custodian in immigration deportation case, *id.* at *3); *Somir v. United States*, 354 F. Supp.2d 215, 217 n. 2 (E.D.N.Y. 2005), and cases cited therein. When the challenge is a non-core *habeas* filing (*i.e.*, where the *habeas* petition "challenge[s] something other than present physical confinement, . . .", *Deng v. Garcia*, 352 F. Supp.2d 373, 375 (E.D.N.Y. 2005)) then *Padilla* is not controlling, and the properly named respondent is the party responsible for the challenged act. *See, e.g., Shehnaz v. Ashcroft*, 2004 WL 2378371 (S.D.N.Y. 2005), holding that a non-core *habeas* petition that challenges the underlying decision of the immigration judge is not bound by *Padilla; id.* at *4. In accord see *Hoyt v. Holder*, 2011 WL 1143043 at *2 (S.D.N.Y. 2011); *King v. Ashcroft*, 2005 WL 503936 at *2 (E.D.N.Y. 2005). See also *In re Guantanamo Detainee Litigation*, 04-cv-1254 (D.D.C. 2008) (*Padilla* not binding in challenges to conditions of confinement of Gitmo detainees). See generally *Boumediene v. Bush*, 553 U.S. 723, 791-92 (2008).

15. Significantly, operative to the Court's ruling in *Padilla* was its prior precedent in *Braden, supra.* As the Supreme Court made clear in *Padilla,* in discussing *Braden, supra,*

> Under *Braden,* then, a habeas petitioner who challenges a form of "custody" other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged "custody." But nothing in *Braden* supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement. * * * To the contrary, *Braden* cited *Wales*[ *v. Whitney*, 114 U.S. 564 (1885)] favorably and reiterated the traditional rule that a prisoner seeking release from confinement must sue his "jailer." 410 U.S., at 495, 93 S. Ct. 1123 (internal quotation marks omitted).

542 U.S. at 438. Citation omitted. Emphasis added.

16. This Court also cited *Padilla* regarding its so-called "second subquestion". 542 U.S. at 442. Here the Supreme Court discussed which particular district court has jurisdiction to hear the petitioner's case. This decision springs directly from the issue of the nature of the habeas petition, *i.e.,* whether it is a "core" or "non-core" challenge. Since the Court had already determined that Padilla's petition was a core challenge to his being held in custody, the only district court with jurisdiction over him had to be the District Court for the District of South Carolina, and not the Southern District of New York. 542 U.S. at 451. This decision is a logical one, and clearly flows from the rationale that Padilla's case was a core *habeas* petition.

[9]

17. However, as stated herein, the petition of Yousef is <u>not</u> a core petition. He does not seek his release from custody. He challenges (see discussion *infra*) the basis and continuing rationale for the imposition of the Special Administrative Measures upon him. This is a non-core *habeas* proceeding. Since, as laid out in the Yousef petition, the SAMs emanate, effectively, and for all practical purposes, from the Southern District of New York, the appropriate district court with jurisdiction over this issue is this Court.

18. Why both *Padilla* and *Jabarah* are inapplicable to the case at bar, is quite simple: Yousef does not seek through this action to challenge neither his conviction, nor, significantly, his conditions of confinement, something that the courts have made clear is an issue to be directed at the warden of the facility holding the inmate. Rather, Yousef challenges <u>the underlying basis</u> for the Special Administrative Measures to be imposed upon him.

19. First of all, in the administrative challenges that Yousef field with the Bureau of Prisons he was careful to make it clear that he was questioning the underlying basis for the SAMs to be applied to him. He did this through the entire process. Exhibit B to the filed petition contains the various BOP challenges that Yousef filed. For example, in the administrative challenge filed on July 27, 2010, Yousef expressly stated: "I challenge the ongoing

imposition and application of the SAM." This was re-iterated in his August 9th, 2010 challenge; his October 14th, 2010 challenge ("The response given does not address the separate elements of the complaint. Namely, why I have not received written notification of the basis for the SAM, and the reason for the ongoing imposition and application of the SAM in general, . . ."); his October 21st, 2010 challenge; and his November 10th, 2010 challenge ("I am dissatisfied with the response given because no specific reason was given as to why there is a substantial risk in my communications or contacts with others.").

20. Secondly, the accompanying Memorandum of Law lays out quite clearly that Yousef is challenging the basis and rationale for the Justice Department's continued application of the SAMs to him. As set forth early in the Memorandum,

> Petitioner Yousef has been subjected to the Special Administrative Measures since before his incarceration at ADX-Florence. * * * He has, as further set forth below, exhausted his administrative remedies. See **Exhibit B** for a copy of Petitioner Yousef's administrative complaints and the responses of the Bureau of Prisons. The gravamen of his complaint, and the basis for this *habeas* petition is that the Government has failed to adequately set forth the basis for his continued incarceration under the SAMs. After having been in United States custody (and almost the entire time in solitary confinement) for a period of sixteen years, the argument that he is a threat to society, or that there is a substantial risk that his communications will lead to "death or serious bodily injury" tends (to be kind) to become somewhat suspect and clearly merits the impartial and unbiased eye of a federal district court.

[11]

Yousef Memorandum of Law at pp. 5-6. Footnotes omitted.

21. It is made clear, over and over, throughout the Memorandum of Law that Yousef is not challenging the individual conditions of confinement that the SAMs have imposed. For example, in the discussion of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, Yousef argues that it does not cover the instant court proceeding, as he is directing his challenge to his particular designation as a person who ought to be subject to the SAMs. Yousef Memorandum at pp. 11-19. This position is re-iterated in the discussion of the application of the Administrative Procedure Act to the issuance of the SAMs regulation, 28 C.F.R. § 501.3. See Yousef Memorandum at pp. 29-30. Further on, in the discussion regarding the internal procedures of the Justice Department in actual requests by U.S. Attorneys for issuance of SAMs, the focus is solely upon the criteria that the Justice Department is to apply in making the SAMs regulation applicable to an inmate. See Yousef Memorandum at pp. 30-34. The Memorandum also provides a detailed discussion of and analysis of the reasons, such as they are, they the SAMs have been applied to petitioner Yousef. See Yousef Memorandum at pp. 42-46. Finally, the "Summary and Relief Requested", make it clear that this case or controversy is solely related to the issue of

whether Ramzi Yousef should be subject to the Special Administrative Measures, *viz.*,

> The issue and question then presents itself as to what Remedy can this forum provide to him? First and foremost, he, and his counsel, must be provided with the reasons that the Attorney General, or his lawful designee, have decided that he is subject to the provisions of § 501.3(a). As the SAMs, as laid out in **Exhibit A**, make clear, there is no basis for them; they are merely a *fait accompli*. But, if we go a bit further, and review the responses of the Bureau of Prisons (as set forth in **Exhibit B**) it is clear that that the position of the BOP (*i.e.*, the Justice Department) is that Yousef is subject to Section 501.3(a) due to his convictions in the mid-1990s. From that fact with which Yousef certainly does not contest, the Justice Department takes the leap that he is one whose "communications or contacts with others could result in death, serious bodily injury or substantial damage to property that would entail risk of death or serious bodily injury." Why one should lead to the other is not explained. It is as conclusory a statement as one can possibly find, and is, in and of itself, no evidence that would support imposition of the SAMs.

Yousef Memorandum of Law at pp. 47-48.

22. The Petitioner also objects to the *sua sponte* dismissal and transfer of his cause of action to the District of Colorado. Yousef was never given the opportunity to present his claims in court, and, indeed, the Government never even responded to the *habeas* petition. In general, such a *sua sponte* dismissal is disfavored by the courts. As this Circuit stated in *Thompson v. Choinski*, 525 F.3d 205 (2d Cir. 2008), dismissal without the chance to present one's case, on the court's own motion, is looked upon with suspicion

by the courts, and may even serve, in itself, as a basis for reversal of the district court's actions. As the Circuit put it,

> The district court dismissed Thompson's claims *sua sponte* without giving him a chance to be heard in opposition. We have repeatedly cautioned against this practice because, among other reasons, providing notice and an opportunity to be heard "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case." *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999). Indeed, "dismissal in such a manner may be, 'by itself, grounds for reversal.' " *See id.* (citing *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1365 (2d Cir. 1985) (Friendly, J.)).

525 F.3d at 209 n. 3.

23. This *sua sponte* dismissal of Yousef's petition and transfer to the District of Colorado denied him even the minimal opportunity to present his case before the Court.

WHEREFORE, Declarant respectfully requests that this Court grant the relief sought in the annexed motion, together with all such further relief as this Court shall deem just and proper.

Respectfully submitted,

Bernard V. Kleinman, Esq.
Attorney for Petitioner YOUSEF

Dated: Sept. 2, 2011
White Plains, NY

[14]

## **CERTIFICATE OF SERVICE**

I am Bernard V. Kleinman, attorney of record for the named Petitioner, Ramzi Yousef, herein, and I do affirm, under pain of penalty of the laws of the United States of America, that on the 2d day of September 2011, I did serve the annexed Notice of Motion, Declaration and Memorandum of Law, and annexed exhibits, on David Raskin, Esq., Assistant U.S. Attorney for the Southern District of New York, at 1 St. Andrews Plaza, New York, NY 10007, the address so designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in — a post office — official depository under the exclusive care and custody of the United States Postal Service within the State of New York, and did duly file a copy with this Court under ECF.

Dated:  Sept. 02, 2011
       White Plains, NY

_____
Bernard V. Kleinman

[1]

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
United States of America,           :
                                    :
                                    :      93 CR 180 (KTD)
          -against-                 :
                                    :          ORDER
Ramzi Yousef,                       :
                                    :
                    Respondent.     :
                                    :
------------------------------------X
```

KEVIN THOMAS DUFFY, U.S.D.J.:

I appoint Bernard V. Kleinman, as counsel from the C.J.A. panel for this district, to represent Ramzi Yousef, the defendant in the captioned case.

SO ORDERED.

Dated:    New York, N.Y.
          April 8, 2010

KEVIN THOMAS DUFFY, U.S.D.J.

# EXHIBIT B

Westlaw.

Slip Copy, 2011 WL 3422834 (S.D.N.Y.)
**(Cite as: 2011 WL 3422834 (S.D.N.Y.))**

**H**
Only the Westlaw citation is currently available

United States District Court,
S.D. New York
UNITED STATES of America,
v.
Ramzi YOUSEF, Respondent

No. 93–cr–00180 (KTD)
July 22, 2011

*MEMORANDUM & ORDER*
KEVIN THOMAS DUFFY, District Judge.
    **\*1** Petitioner Ramzi Yousef ("Petitioner") brings this petition for habeas corpus pursuant to 28 U.S.C. § 2255, claiming that the Special Administrative Measures ("SAMs") applied to him during his incarceration violate his constitutional rights.

    For the reasons set forth below, the petition is DENIED for lack of jurisdiction.

I. BACKGROUND
    Petitioner is currently incarcerated at the Federal Bureau of Prisons U.S.P. Administrative Maximum in Florence, Colorado, for charges related to the 1993 World Trade Center bombing and Bojinka airliner bombing plot. He is subject to SAMs, by which the Attorney General sets forth detailed conditions of confinement, pursuant to 28 C.F.R. § 501.3(a). SAMs are implemented when "there is a substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons." 28 C.F.R. § 501.3(a) [FN1] As of October 2001, Petitioner's SAMs are authorized for one year periods and have been renewed annually since being issued by the Justice Department in 1997.

> FN1 During his original trial in 1996 it was found that Petitioner was collecting urea in his cell. Urea was a main ingredient

in the WTC bomb. Petitioner also attempted to obtain the particular type of cheap wristwatch that had been used as the timing device in the Bojinka plot.

    By these measures, Petitioner is not allowed meetings with physical contact, cannot share a cell with other inmates, and is limited from communicating with other inmates. The SAMs limit the volume, frequency and permitted recipients of Petitioner's communications (oral, written or recorded) with all persons including his attorney(s); permit examination, delay, and analysis of said communications; and limit his access to publications. Petitioner previously challenged the SAMs with the Federal Bureau of Prisons, requesting both notice of the reasons for their continued application and for the SAMs to be lifted. These requests have been denied. On June 17, 2011, Petitioner filed the instant habeas petition.

II. DISCUSSION
    Since Petitioner's § 2255 motion is "challenging the conditions of [his] confinement," it is properly brought as a habeas claim pursuant to 28 U.S.C. § 2241. *Jabarah v. Garcia,* No. 08 Civ. 3592(DC), 2010 WL 3834663, at \*4 (S.D.N.Y. Sept. 30, 2010) (citing *Thompson v. Choinski,* 525 F.3d 205, 209 (2d Cir 2008)). The Supreme Court held in *Rumsfeld v. Padilla,* 542 U.S. 426 (2004), that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement," and that the proper respondent "is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435, 443; *Drakoulis v. Ashcroft,* 356 F.Supp.2d 367, 370 (S.D.N.Y.2005). Therefore, the proper venue for Petitioner's claims is the district where he is in custody. *Jabarah,* 2010 WL 3834663, at \*3; *see also Santulli v. United States,* No. 02 Civ. 8664(SAS), 2003 WL 21488084, at \*2 (S.D.N.Y. June 25, 2003).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 3422834 (S.D.N.Y.)
**(Cite as: 2011 WL 3422834 (S.D.N.Y.))**

Accordingly, this Court "may decline to entertain an application for a writ of habeas corpus and may transfer the application    to the district court having jurisdiction to entertain it." 28 U.S.C. §§ 1631. Because this Court lacks jurisdiction, it does not reach the merits of Petitioner's claims. *See Rumsfeld,* 542 U.S. at 430.

III. CONCLUSION
**\*2** For the reasons set forth above, this action is transferred to the United States District Court for the District of Colorado.

SO ORDERED

S.D.N.Y.,2011
U.S. v. Yousef
Slip Copy, 2011 WL 3422834 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.