

MANDATE

11-3920
*United States v. Ramzi Ahmed Yousef*

N.Y.S.D. Case #
93-cr-0180-4(KTD)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of September, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> PETER W. HALL,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                             No. 11-3920

Ramzi Ahmed Yousef,

> *Defendant-Appellant.*

_____

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:** _____
**DATE FILED:** 09/25/2012 ___

**FOR DEFENDANT-APPELLANT:**           BERNARD V. KLEINMAN, White Plains, NY.

**FOR APPELLEE:**           NICHOLAS J. LEWIN, Assistant United States Attorney (Andrew L. Fish, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY.

MANDATE ISSUED ON 09/25/2012

Case: 11-3920 Document: 100 Page: 2 09/25/2012 728926

Appeal from a judgment of the United States District Court for the Southern District of New York (Kevin T. Duffy, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Defendant-appellant Ramzi Ahmed Yousef ("Yousef") appeals from the July 22, 2011 order of the District Court transferring his petition for a writ of habeas corpus to the United States District Court for the District of Colorado. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

At the outset, we must consider whether we have jurisdiction to hear this appeal under 28 U.S.C. § 1291, which provides courts of appeals with jurisdiction to consider appeals from "final decisions of the district courts." 28 U.S.C. § 1291. The parties do not dispute that an order transferring a habeas petition is not a final decision within the meaning of § 1291. *See Cruz v. Ridge*, 383 F.3d 62, 64 (2d Cir. 2004); *Murphy v. Reid*, 332 F.3d 82, 83 (2d Cir. 2003).

In *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), the Supreme Court recognized an exception to the final judgment rule, which has come to be known as the "collateral order doctrine." *Id.* at 545–47; *see Murphy*, 332 F.3d at 83–84. To qualify for the exception, "an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Id.* at 83 (internal quotation marks omitted). We have previously held that orders transferring habeas petitions are not reviewable under the collateral order doctrine. *See Cruz*, 383 F.3d at 64–65; *Murphy*, 332 F.3d at 84–85. We decline the defendant's invitation to revisit that holding in this case, and we therefore conclude that we lack jurisdiction over this appeal.

In the absence of jurisdiction, we also cannot consider the claim of Yousef's counsel that the District Court improperly refused to sign a voucher for funds under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. *See United States v. Yousef*, 395 F.3d 76, 78 (2d Cir. 2005). We note, however, that it would be far preferable for the transferor District Court to provide a reason on the record for his decision not to authorize CJA payment. In the event that such a reason is not forthcoming, we take the liberty of advising the transferee District Court (the District of Colorado) to make further inquiries into the matter.

## **CONCLUSION**

We have considered all of Yousef's other arguments on appeal and conclude that each of them is without merit.  Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

3