UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
RAMZI YOUSEF,                             :
                                         :
                    Petitioner,          :
                                         :
        -against-                        :         93 Cr. 0180 (KTD)
                                         :
                                         :         MEMORANDUM
UNITED STATES,                           :
                                         :
                    Respondent.          :
------------------------------------------X
KEVIN THOMAS DUFFY, U.S.D.J.:

I was somewhat reluctant to file this Memorandum, and I do so with more than a touch of sadness. I am constrained to do so, however, because of the activities of Bernard Kleinman, counsel to Yousef appointed by the Court of Appeals for the Second Circuit, and because of a Memorandum and Order issued by that appellate court directing (or suggesting) that I give the reasons behind my refusal to authorize funds to Mr. Kleinman under the Criminal Justice Act of 1964 ("CJA"), 18 U.S.C. § 3006A.

In order to fully comprehend the factual basis on which my decision rests, I must remind the reader of a number of background facts. Ramzi Yousef is a cold-blooded killer, completely devoid of conscience. Not only is he primarily responsible for the deaths of the victims of the 1993 World Trade Center bombing, but, as "practice" for the Bojinka plot, he also detonated explosives that injured civilians in a Manila,

Philippines movie theater and killed a Japanese national aboard a Philippine Airlines flight. See United States v. Yousef, 327 F.3d 56, 79 (2d Cir. 2003).

While Yousef was in Manila planning the Bojinka plot, he was visited by his Uncle Khalid Sheikh Mohammed ("KSM"). During this period, Yousef apparently became very interested in the movements of the Pope and of President Bill Clinton. He acquired the garb of a Catholic priest (even down to Rosary beads) and explored the feasibility of planting an IED in the roadway on which both the Pope and the President would travel during their state visits to the Philippines. Some have conjectured that Yousef and KSM were entertaining thoughts of assassinating one or both of the visiting dignitaries. One thing is clear: Yousef was close to his relative KSM both in blood and in mental desire to wreak havoc on civilized society.

Now, the reader should also be aware that after Yousef was captured and imprisoned, KSM continued his active leadership of Al Qaeda, but was finally captured and is now awaiting trial for his deeds.

All of these facts are well-known to the Second Circuit panel, as one of the judges requesting this Memorandum also sat on the original appeal and participated in the per curiam opinion affirming Yousef's two convictions. See Id. at 173. The activities of KSM were well covered by the media.

2

With this background, I turn now to the recent activities of Bernard Kleinman, Esq.  Kleinman was appointed as Yousef's counsel for the appeal from Yousef's convictions.  I assume that he was paid for his work on that appeal by the Second Circuit.  In early 2010, Kleinman approached me with a request for payment under the CJA for a trip to Colorado to see Yousef.  Since Yousef had long before exhausted all of his remedies, I refused the request.  Kleinman then came to explain that Yousef had requested the opportunity to cooperate with the government.  I was about to refuse the request but, remembering the KSM-Yousef connection, I confirmed with the government that Yousef had made such an offer, and then signed the authorization.  I did not ask to be kept up-to-date on the matter, particularly since there was an open indictment in this district against KSM that was assigned to me for trial.

Though I have never been told exactly what happened at the prison, I understand that Kleinman's trip to Colorado with the prosecutor went according to plan, except that Yousef evidently reneged on his offer.  Shortly after the trip, I authorized payment to cover Kleinman's expenses and time in Colorado.  Kleinman asked to keep the authorization open since additional services were required.  I agreed under the impression that Yousef's cooperation remained a possibility.

3

Shortly thereafter, Kleinman requested an expansion of authorization in order to hire paralegals and investigators. I spoke to Kleinman about this request, telling him that I did not understand why he needed the assistance of paralegals if Yousef was to cooperate. I specifically told him that he should not be seeking or working on any other type of relief, pointing out that such cases belonged in the District of Colorado.[1]

Kleinman filed Yousef's habeas corpus petition seeking to modify the conditions of Yousef's confinement in June 2011. As Yousef was imprisoned in Florence, Colorado, the petition properly belonged in the District of Colorado. Yet shortly thereafter, Kleinman filed for authorization to be paid $23,225. I refused to authorize payment. Kleinman ignored the facts and represented to the Second Circuit panel that the authorization to cover Yousef's cooperation extended to the issues raised in the petition for habeas corpus. Nothing can be further from the truth.

I feel sorry for Kleinman's having difficulty in making a living out of his practice. But that is not a reason to make payment to him under the CJA. The Southern District of New York's CJA Plan authorizes payment to defense lawyers appointed

---

[1]    Kleinman seems to think that my authorization of payment to his paralegals entitles him to payment. The paralegals did their work innocent of my admonition to Kleinman that no payment would be forthcoming for any work on an action not properly before this court.

4

in criminal and habeas corpus cases properly before this court. Here, Kleinman not only sought payment for services I did not authorize, but for services concerning an action over which this court has no subject matter jurisdiction. If Kleinman desires compensation for his services, he should file the petition in the District of Colorado and seek reimbursement from that court. The amount available under CJA appropriations is limited. It should not be expended on unauthorized work by a lawyer done solely to expand his income.

For all of the above reasons, I did not and will not authorize payment to Mr. Kleinman.

Dated:     New York, NY
           October  5, 2012

KEVIN THOMAS DUFFY, U.S.D.J.

5